[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
In count one, paragraph three, the plaintiff alleges that Southwest entered into a contract with the plaintiff "by and through its authorized agent." A principal is generally liable for the authorized acts of his agent. See Gateway v. DiNoia, 232 Conn. 223, 239 654 A.2d 342. Therefore, count one is legally sufficient because the plaintiff has alleged that the contract was entered into with Pepe Hazard as an agent of Southwest. Therefore, the motion to strike counts one and two is denied.
As to count five, under our fact-based pleading system, it is permissible to plead alternate theories of liability, and in contract, if proven, a plaintiff may recover both under a written contract and under equitable principles. See Fuessenich v. DiNardo, 195 Conn. 144, 147-48,487 A.2d 514 (1985). Therefore, the motion to strike count five is denied.
As to count three, however, a party generally may not recover under a theory of quantum merit for work covered by the contract. See Shay v.Gallagher, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302341 (January 23, 1995, Levin, J.), citing Rosick v.Equipment Maintenance Service, Inc., 33 Conn. App. 25, 37-3 8,632 A.2d 1134 (1993). Therefore, the motion to strike the third count is granted.
JOHN W. MORAN, JUDGE CT Page 12648